1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10 SYDNEY STOVER,

11                    Plaintiff,

12        v.

13 LJ ROSS ASSOCIATES, INC., et al,

14                    Defendant.

CASE NO. 3:22-CV-5781-RJB

ORDER RENOTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS*

15        The District Court has referred Plaintiff Sydney Stover's pending Application to Proceed

16 *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W.

17 Christel pursuant to Amended General Order 02-19.

18        On October 14, 2022, Plaintiff filed a proposed civil complaint and application to

19 proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. Dkt. 1.

20 Plaintiff's IFP application was incomplete and on, October 27, 2022, Plaintiff filed a completed

21 Application to Proceed IFP. *See* Dkts. 2, 3.

22        **Standard for Granting Application for IFP.**  The district court may permit indigent

23 litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C.

24

1   §1915(a). However, the court has broad discretion in denying an application to proceed IFP.

2   *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

3        **Plaintiff's Application to Proceed IFP.**  Plaintiff states that she is employed making

4   $1,200.00 per month. Dkt. 3 at 1. Plaintiff has received $61.99 in child support or alimony over

5   the past twelve months. *Id*. Plaintiff states she has $150.00 cash on hand and $500.00 in her

6   checking account. *Id*. at 2. Plaintiff has no assets and her monthly expenses are $2,5000.00 *Id*.

7   Plaintiff states that she just started a new job and is trying to catch up on some past-due bills. *Id*.

8        **Review of the Complaint.**  The Court has carefully reviewed the proposed complaint in

9   this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the

10   pleadings liberally and has afforded Plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los*

11   *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

12        In the proposed complaint, Plaintiff alleges a debt collector violated her rights as a

13   consumer under the Fair Debt Collection Practices Act ("FDCPA"). Dkt. 3-2.

14        ***Sua Sponte* Dismissal – Standard on Rule 12 (b).**  Pursuant to Fed. R. Civ. P. 12(b), a

15   case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal

16   jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6)

17   failure to state a claim upon which relief can be granted; and (7) failure to join a party under

18   Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is

19   clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea-*

20   *Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte*

21   under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant

22   cannot possibly win relief.").  *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-

23   08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous

24

1    complaint *sua sponte*, even in absence of an express statutory provision). A complaint is

2    frivolous when it has no arguable basis in law or fact.  *Franklin v. Murphy*, 745 F.2d 1221, 1228

3    (9th Cir. 1984).

4         **Analysis of Plaintiff's Claims**. Federal Rule of Civil Procedure 8 requires a complaint to

5    contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

6    Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

7         Here, the proposed complaint fails to clearly set forth a claim for relief. Dkt. 3-2. Plaintiff

8    states only that,

9         Debt collector violated my rights as a consumer under numerous statutes under the
          FDCPA. They then failed to respond to multiple affidavits (sic) notices I sent, which
10        is a direct violation of Rule 301 of the Federal [Rules] of Evidence.

11   *Id*. at 5. Plaintiff does not explain which defendants violated her rights. Moreover, the proposed

12   complaint fails to contain sufficient information regarding how the defendants violated her rights

13   under the FDCPA. Therefore, Plaintiff has not sufficiently stated a claim upon which relief can

14   be granted.

15        Accordingly, Plaintiff is ordered to file an amended complaint which complies with

16   Federal Rule of Civil Procedure 8 and this Order. The amended complaint should contain a more

17   detailed explanation of the claims in this action.

18        **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a

19   *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

20   prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). At

21   this time, the Court finds Plaintiff may be able to cure the defects of the proposed complaint.

22   Therefore, Plaintiff should be afforded an opportunity to amend her proposed complaint to

23

24

1  attempt to cure the deficiencies. Plaintiff's proposed amended complaint, if any, should be filed

2  on or before December 9, 2022

3       **Decision on Application to Proceed IFP.**  A district court may deny leave to proceed

4  IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous

5  or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v.*

6  *First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above analysis

7  of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's

8  application to proceed IFP (Dkt. 3) to December 9, 2022.

9       Accordingly, it is hereby **ORDERED** that:

10  - Plaintiff's application to proceed *in forma pauperis* (Dkt. 3) is **RENOTED** to

11     **DECEMBER 9, 2022;** and

12  - Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **DECEMBER 9,**

13     **2022**.

14       Dated this 9th day of November, 2022.

David W. Christel
United States Magistrate Judge